17-626-cv
*McBride v. Global Valuation Ltd.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
              REENA RAGGI,
                    *Circuit Judges,*
              LAWRENCE J. VILARDO,
                    *District Judge.*[*]

---

GOZDE MCBRIDE,

        *Plaintiff-Appellant,*                17-626-cv

        v.

GLOBAL VALUATION LIMITED, CLAUDIO ALBANESE, INDIVIDUALLY,

        *Defendants-Appellees.*

---

[*] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**     Gozde McBride, *pro se*, Hackensack, NJ.

**FOR DEFENDANTS-APPELLEES:**   Daniel L. Schwartz, Day Pitney LLP, Stamford, CT.

Appeal from a February 9, 2017 order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 9, 2017 order of the District Court be, and it hereby is, **AFFIRMED**.

Plaintiff-Appellant Gozde McBride ("McBride") appeals the District Court's order denying her motions to seal the record of her action in the District Court against Defendants-Appellants Global Valuation Limited and Claudio Albanese. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's decision to grant or deny a motion to seal documents is reviewed for abuse of discretion. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). The findings of fact on which the district court bases its decision are reviewed for clear error; the district court's conclusions of law are reviewed *de novo. Id.*

The public has a qualified right of access under the First Amendment to "judicial documents." *See id.*; *see also Newsday LLC v. County of Nassau*, 730 F.3d 156, 163–64 (2d Cir. 2013). "Judicial document" means any "filed item . . . 'relevant to the performance of the judicial function and useful in the judicial process.' " *Bernstein*, 814 F.3d at 139 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The term therefore encompasses pleadings, including pleadings in settled cases, *id.* at 140; pretrial motions and associated documents, *Newsday*, 730 F.3d at 164 (citing *In re N.Y. Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987)); and docket sheets, *id.* (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)).

A district court may extinguish this qualified right of access if and only if it makes "specific, on-the-record findings that sealing is necessary to preserve higher values." *Lugosch*, 435 F.3d at 124.

McBride moved in the District Court for the entire record to be sealed. The District Court record consists in substance of pleadings and associated items, motions, and court orders. We conclude that these materials are judicial documents and that they are therefore subject to a qualified public right of access.

To extinguish this qualified right, McBride alleges that she has suffered certain harms because the record is public. *See, e.g.*, Br. Pl.-Appellant 25, 35–37. Keeping in mind that these

allegations must be weighed against the significance "of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), we conclude that the District Court did not abuse its discretion by denying McBride's motions to seal the record.

## CONCLUSION

We have reviewed all of McBride's arguments on appeal and find them to be without merit. We therefore **AFFIRM** the February 9, 2017 order of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk